UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
JAMES CLAUSELL,                    :
                                   :
        Petitioner,                :   Civ. No. 15-4066 (NLH)
                                   :
    v.                             :   OPINION
                                   :
WILLIE BONDS, et al.,              :
                                   :
        Respondents.               :
_____:

APPEARANCES:
James Clausell, #203604/233324B
South Woods State Prison
215 Burlington Road
Bridgeton, NJ 08302
    Petitioner Pro se

HILLMAN, District Judge

    Petitioner James Clausell, a prisoner confined at South Woods State Prison in Bridgeton, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1996 New Jersey state court conviction.

    The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the

1

petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

   Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit a complete application for leave to proceed in forma pauperis.  Specifically, the institutional account statement Petitioner submits does not span a six-month period — he provides only four months of accounting, from January to May — and it is not certified by an authorized officer of the institution. See L. Civ. R. 81.2(b).

   Accordingly, this matter will be administratively terminated for failure to satisfy the filing fee requirement. Petitioner will be granted leave to apply to reopen by either paying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

   To the extent Petitioner asserts that institutional officials have refused to provide the certified account

2

statement, any such assertion must be supported by an affidavit detailing the circumstances of Petitioner's request for a certified account statement and the institutional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action without prejudice.[1]  Petitioner will be granted leave to apply to re-open within 30 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

An appropriate Order will be entered.

                                         ___s/ Noel L. Hillman_____
                                         NOEL L. HILLMAN
                                         United States District Judge

Dated: June 18, 2015
At Camden, New Jersey

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).