UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JAMES CLAUSELL,                     :
                                    :
        Petitioner,                 :   Civ. No. 15-4066 (NLH)
                                    :
    v.                              :   OPINION
                                    :
WILLIE BONDS, et al.,               :
                                    :
        Respondents.                :
_____:

James Clausell, #203604/233324B
South Woods State Prison
215 Burlington Road
Bridgeton, NJ 08302
    Petitioner Pro se


HILLMAN, District Judge

        Petitioner James Clausell, a prisoner currently confined at

the South Woods State Prison in Bridgeton, New Jersey, has

submitted a petition for a writ of habeas corpus, pursuant to 28

U.S.C. § 2254.  For the reasons set forth below, the petition

will be dismissed for lack of jurisdiction.

                    I.   BACKGROUND

        The lengthy factual background and procedural history of

this case is fully described in several court orders — including

this Court's September 29, 2006 Order denying Petitioner's first

application for a writ of habeas corpus pursuant to 28 U.S.C. §

2254, see Clausell v. Sherrer, No. 04-3857, 2006 WL 2846283, at

*1-6 (D.N.J. Sept. 29, 2006) aff'd, 594 F.3d 191 (3d Cir. 2010), as amended (Mar. 23, 2010) — and need not be repeated here.

For purposes of this Opinion, this Court notes that Petitioner was convicted — after his second trial — of first-degree murder, aggravated assault, and two weapons related offenses.  On February 23, 1996, Petitioner was sentenced to life imprisonment with a thirty-year parole disqualifier for first-degree murder; as well as concurrent sentences on the other charges.  Petitioner appealed and his convictions were affirmed in an unpublished opinion. See State v. Clausell, Docket No. A-4947-95 (N.J. Ct. App. Div. April 1, 1999), cert. denied, 161 N.J. 331 (1999).

Thereafter, Petitioner filed his first petition for Post-Conviction Relief ("PCR") in state court and claimed that newly-discovered evidence proved that his co-defendant, and not Petitioner, had discharged the weapon.  The PCR judge denied the petition, and the Appellate Division affirmed in an unpublished opinion. See State v. Clausell, Docket No. A-5681-01 (App. Div. Dec. 10, 2003), cert. denied, 180 N.J. 151 (2004).

Petitioner then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 before this Court. See Clausell v. Sherrer, No. 04-3857 (NLH) (D.N.J. filed Aug. 9, 2004).  On September 29, 2006, this Court denied the habeas petition. See Clausell v. Sherrer, No 04-3857, 2006 WL 2846283.  Petitioner

appealed and the Court of Appeals for the Third Circuit affirmed. See Clausell v. Sherrer, 594 F.3d 191 (3d Cir. 2010), as amended (Mar. 23, 2010).  The United States Supreme Court denied a writ of certiorari. Clausell v. Sherrer, 562 U.S. 871, 131 S. Ct. 172, 173, 178 L. Ed. 2d 103 (2010).

On July 18, 2011, Petitioner filed a second PCR petition in state court.  The PCR judge denied the petition and determined that the application was time-barred and, even if it was not, it lacked merit.  Petitioner again appealed and the New Jersey Appellate Division affirmed the PCR court's denial. See State v. Clausell, No. A-4827-11T3, 2014 WL 1577819, at *4 (N.J. Super. Ct. App. Div. Apr. 22, 2014).  The New Jersey Supreme Court denied a petition for certification. See State v. Clausell, 220 N.J. 269, 105 A.3d 1102 (2015).

On or about June 15, 2015, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1).  The case was previously administratively terminated due to Petitioner's failure to satisfy the filing fee requirement.  However, on or about July 28, 2015, Petitioner submitted an application to proceed in forma pauperis (ECF No. 6) and the case was reopened for review by a judicial officer.

The Court finds Petitioner's in forma pauperis application to be complete pursuant to Local Civil Rule 81.2(b).  The Court will now conduct a preliminary review of the Petition as

required by Habeas Rule 4. See Rule 4 of the Rules Governing
Section 2254 Cases, (amended Dec. 1, 2004).

## II.   STANDARD OF REVIEW

Petitioner brings this Petition for a Writ of Habeas Corpus
as a pro se litigant.   A pro se pleading is held to less
stringent standards than more formal pleadings drafted by
lawyers. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct.
2197, 2200, 167 L. Ed. 2d 1081 (2007) (citing Estelle v. Gamble,
429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Haines
v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652
(1972).   A pro se habeas petition and any supporting submissions
must be construed liberally and with a measure of tolerance. See
Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v.
Attorney General, 878 F.2d 714, 721–22 (3d Cir. 1989).

Nevertheless, a federal district court must dismiss a
habeas corpus petition if it appears from the face of the
petition that the petitioner is not entitled to relief. 28
U.S.C. § 2254 Rule 4; see also McFarland v. Scott, 512 U.S. 849,
856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994); Siers v. Ryan, 773
F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025, 109
S.Ct. 1758, 104 L.Ed.2d 194 (1989).

## III. DISCUSSION

As set forth above, this is Petitioner's second federal
habeas petition challenging his conviction and sentence. See

Clausell v. Sherrer, No. 04-3857 (NLH) (D.N.J. filed Aug. 9, 2004).   Therefore, this Court must consider whether the instant Petition is "second or successive" and, thus, whether this Court lacks jurisdiction to entertain it in the absence of an order from the Third Circuit permitting its filing. See 28 U.S.C. § 2244(b).

A petition is not necessarily "second or successive" simply because it follows a prior petition. See Panetti v. Quarterman, 551 U.S. 930, 944, 127 S. Ct. 2842, 2853, 168 L. Ed. 2d 662 (2007); Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam)).   However, if a "petitioner has expended the 'one full opportunity to seek collateral review' that AEDPA ensures[,]" then a subsequent attack on "the underlying criminal judgment must be a second or successive petition because [] the judgment h[as] become final[.]" Blystone v. Horn, 664 F.3d 397, 413 (3d Cir. 2011) (emphasis in original); see also Jones v. Nelson, No. 14-7788, 2015 WL 5692878, at *2 (D.N.J. Sept. 25, 2015) (quoting Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003)) ("If, however, a petition is resolved in a way that satisfies a petitioner's one 'full and fair opportunity to raise a [federal] collateral attack,' then it does count for purposes of § 2244(b).").

Thus, a subsequent petition is successive if it seeks to challenge the same judgment of conviction and sentence as before, see, e.g., In re Brown, 594 F. App'x 726, 728 (3d Cir. 2014), and the prior judgment was on the merits, see Gonzalez v. Crosby, 545 U.S. 524, 532, 125 S. Ct. 2641, 2648, 162 L. Ed. 2d 480 (2005).  Further, where a petition raises claims that could have been raised in an earlier habeas corpus petition, that claim is clearly "second or successive." Benchoff, 404 F.3d at 817 (citing McCleskey v. Zant, 499 U.S. 467, 493-95, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); Wise v. Fulcomer, 958 F.2d 30, 34 (3d Cir. 1992)).

Here, Petitioner sets forth four grounds for relief.  In his first ground for relief, Petitioner states that "no time bar, procedural bar, or limitations apply to issues presented in petition." (Pet. 7, ECF No. 1).  Petitioner's second, third and fourth grounds for relief all relate to allegedly newly-discovered evidence which Petitioner contends entitles him to a new trial (Pet. 9, ECF No. 1); establishes his actual innocence (Pet. 10, ECF No. 1); and confirms that his conviction was based on legally insufficient evidence (Pet. 12, ECF No. 1).

Specifically, in Ground Two, Petitioner asserts that the affidavits of Petitioner, Carolyn Wright, and Dwayne Wright, as well as transcripts of unspecified proceedings support the contention that Petitioner did not fire the weapon which caused

the victim's death. (Pet. 9, ECF No. 1).  In Ground Three,
Petitioner alleges that exculpatory and favorable evidence was
withheld and that, in light of the new evidence, no reasonable
juror would have convicted Petitioner. (Pet. 10, ECF No. 1).
Petitioner does not specify what constitutes this "exculpatory
and favorable evidence."  Finally, in Ground Four, Petitioner
contends that the evidence at trial failed to prove elements of
the offense beyond a reasonable doubt. (Pet. 12, ECF No. 1).

These are all claims that could have been, and to some
extent were, raised in Petitioner's previous habeas corpus
petition, which rejected each of Petitioner's claims on the
merits. See Clausell v. Sherrer, No. 04-3857, 2006 WL 2846283,
at *9-20 (addressing Petitioner's arguments that evidence
existed showing that Petitioner did not fire the weapon, in the
context of his ineffective assistance of counsel claims;
addressing Petitioner's allegations of withholding of
exculpatory evidence, in the context of Petitioner's
prosecutorial misconduct claims; and addressing Petitioner's
challenge to the sufficiency of the evidence, in Petitioner's
right to fair trial claim).

Accordingly, the instant Petition is a "second or
successive" petition within the meaning of 28 U.S.C. § 2244, for
which Petitioner has not sought or obtained authorization from

the Court of Appeals to file in this Court.[1]  As a result, this Court is without jurisdiction to consider the Petition. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain state prisoner's habeas petition challenging his sentence since prisoner did not seek or obtain an order from the Court of Appeals authorizing him to file second or successive habeas petition, as required by habeas gatekeeping provisions).

If a second or successive petition is filed in the district court without such an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. See also Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826, 124 S.Ct. 48, 157 L.Ed.2d 49 (2003). ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the

---

[1] Petitioner does not allege that he has sought permission from the Third Circuit to file a "second and successive" petition pursuant to 28 U.S.C. § 2244(b).

petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

This Court concludes it is not in the interests of justice to transfer the Petition because it is clearly time-barred. See State v. Clausell, No. A-4827-11T3, 2014 WL 1577819 (N.J. Super. Ct. App. Div. Apr. 22, 2014) (affirming dismissal of Petitioner's second PCR petition as time-barred and without merit); see also Jones v. Nelson, No. 14-7788, 2015 WL 5692878, at *3 (refusing to transfer second or successive petition to Third Circuit because district court determined the petition was time-barred based on state court's denial of petitioner's third PCR petition).

This Court's decision not to transfer the Petition in no way precludes Petitioner from seeking permission from the Third Circuit himself pursuant to § 2244(b) should he so choose.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Here, jurists of reason would not find it debatable whether this Court was correct in its procedural ruling.  Therefore no certificate of appealability will be issued.

IV.  CONCLUSION

For the foregoing reasons, Petitioner's second habeas petition challenging his state conviction under § 2254 is dismissed for lack of jurisdiction.  No certificate of appealability will issue.

An appropriate Order follows.

```
____s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge
```

Dated:
At Camden, New Jersey